IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVCO TECHNOLOGY & DEVELOPMENT CO., LLC,  Plaintiff | : : : : | |
| v. | : : | CIVIL ACTION NO.   04-4946 |
| PRECISION SHOOTING EQUIPMENT, INC.,  Defendant | : : : : | |

**MEMORANDUM OPINION AND ORDER**

Rufe, J                                                                                                       July 29, 2005

    Before the Court is Defendant Precision Shooting Equipment, Inc.'s ("PSE") Motion for Transfer of Venue to the District Court of Arizona. Plaintiff EVCO Technology & Development Company, LLC. (EVCO) filed this action in the U.S. District Court for the Eastern District of Pennsylvania alleging that PSE infringed United States Patent No. 5,782,229 (the "Patent") owned by EVCO.[1] PSE concedes that it is subject to personal jurisdiction in the Eastern District of Pennsylvania, and that venue is proper here, but argues that the District of Arizona is a more appropriate forum for this dispute.[2]

    Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1] The Patent is for a single-cam archery bow invented by John Evans and Scott Phillips. Mr. Evans is EVCO's owner and sole employee and is a resident of Canada.

[2] Venue is proper in this district because PSE is subject to personal jurisdiction here. See 28 U.S.C. § 1400(b) ("any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business"); see also 28 U.S.C. § 1391(c) ("A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). PSE's primary place of business is in Arizona, so personal jurisdiction and venue would be proper in the District Court of Arizona as well.

-1-

where it might have been brought." The moving party has the burden of establishing that the existing forum is inconvenient.[3]

As the Supreme Court has stated, § 1404(a) gives the district court discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."[4] The district court has broader discretion under §1404(a) than under the doctrine of *forum non conveniens*.[5] In considering a motion for transfer of venue, courts generally weigh: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice.[6]

Pursuant to the Third Circuit's decision in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995), the three aforementioned categories are examined through the lens of private and public interest factors. As a threshold matter in a Motion for Transfer of Venue, the moving party must first establish that the case could have been brought in the transfer district.[7] As previously stated, PSE has met this burden by establishing personal jurisdiction in Arizona.

---

[3] Wojtunik v. Kealy, No. Civ. A. 02-8410, 2003 WL 22006240, at *7 (E.D. Pa. Aug. 26, 2003); compare Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970) (unless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail); with Saint-Gobain Calmar, Inc. v. Nat'l. Prod. Corp., 230 F. Supp. 2d 655, 661 (E.D. Pa 2002) (when a transfer would aid the moving party and not disadvantage the opponent, transfer is appropriate).

[4] Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); see also Saint-Gobain, 230 F. Supp. 2d at 658 (purpose of § 1404(a) is to prevent the waste of time, energy and money, and to protect litigants, witnesses and public against unnecessary inconvenience and expense).

[5] Solomon v. Cont'l. Am. Life Ins. Co., 472 F.2d 1043 (3d Cir. 1973).

[6] Stewart Org., 487 U.S. at 29-30.

[7] Lifescan v. Polymer Tech. Int'l Corp., No. Civ. A. 93-6983, 1994 U.S. Dist. LEXIS 5531, at *4 (E.D. Pa. Apr. 28, 1994).

Therefore, the Court will turn to examining the private and public interest factors relevant to this Motion.[8]

### PRIVATE INTEREST FACTORS

In considering private interests, the Court must focus upon six factors:

"(1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) and the location of books and records–similarly to the extent that the files could not be produced in the alternative forum."[9]

Although the courts afford great weight to the plaintiff's choice of forum,[10] the choice is entitled to less deference when the plaintiff chooses a forum outside of his or her state of residence.[11] Here, EVCO's sole place of business is in Allentown, Pennsylvania, but its owner, EVCO's only employee, resides in Canada.[12] Thus, EVCO appears to exist only on paper in Allentown.[13] While neither party claims that the Eastern District of Pennsylvania is not EVCO's "home forum," PSE notes EVCO's lack of an established business here and points out that EVCO's primary business activities in Pennsylvania involve litigation relating to the

---

[8] In addition, the Eastern District of Pennsylvania has recognized that in patent infringement cases, the preferred forum is that which is the "center of gravity" of the alleged wrongful activity. Saint-Gobain Calmar, 230 F. Supp. 2d at 660 (center of gravity in a patent infringement claim is the district where the alleged conduct occurred, as well as the hub of activity around which production centered).

[9] Jumara, 55 F.3d at 879-80.

[10] Shutte, 431 F.2d at 29 (emphasizing that the plaintiff's choice of forum is a paramount consideration in any determination of a transfer request, and should not be lightly disturbed).

[11] Weber, 155 F. Supp. 2d at 285.

[12] Evans Decl. at ¶ 2, 6-8.

[13] Def.'s Mem. in Supp. of Mot. to Transfer Venue at 5.

enforcement of the patent at issue. EVCO responds that its business activities have focused primarily on license agreements and lawsuits related to establishing itself as a business in the United States. However, to the extent that the Court can decipher, EVCO's business has yet to extend beyond this litigation. Therefore, the general rule affording considerable weight to the plaintiff's choice of forum is less applicable here in light of EVCO's lack of established business activities in Pennsylvania.

The second factor to be considered is Defendant's choice of forum. Defendant's preference is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another.[14] Here, PSE requests a transfer to Arizona, where its offices are located. Although Arizona would be a considerably more convenient forum for Defendant, PSE's preference, without more, is insufficient to warrant transfer.

Next the Court must look to where the claim arose. PSE argues that the Eastern District of Pennsylvania has little relation to the cause of action.[15] EVCO has failed to establish that any business activity was conducted with PSE or any other entity in this district.[16] Furthermore, although the owner of the patent is incorporated here, PSE has never sold its allegedly infringing product in this district. Conversely, PSE markets, manufactures and designs several single-cam

---

[14] Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999) (noting that if the factors presented by both parties are in equipoise, transfer is not appropriate).

[15] Def.'s Mem. at 4.

[16] Id. at 6 (PSE allegedly manufactures, develops and sells the product from Arizona, and only has contacts in Pennsylvania based on other products it sells).

archery bows in Arizona.[17]  Therefore, for the purpose of the present action, Arizona is the "center of gravity" of the alleged conduct.[18]

This factual scenario is analogous to Weber v. Basic Comfort, Inc., 155 F. Supp. 2d at 285, in which the plaintiff's primary activity in this forum included licensing and enforcement, while the defendant's allegedly infringing business operations occurred in another district.  The court found that an important factor in such circumstances is the location of evidence and witnesses.[19]  If the evidence and witnesses are located outside of the original forum, the balance of convenience weighs in favor of a transfer to the forum in which the infringing business is located.  Presently, as in Weber, the infringing conduct occurred in the proposed transfer district, where the production of evidence and witnesses is more convenient than in the this forum.  Because Arizona is the center of gravity of the alleged conduct, and the evidence and witnesses can be produced there as easily--if not more easily--than in the Eastern District of Pennsylvania, this factor weighs in favor of transfer.

The fourth and fifth private interest factors specifically address convenience of the parties and potential witnesses in light of their physical and financial conditions.  The Weber court found that, although the plaintiff's financial burden would be considerable if venue was transferred, the overall cost of litigation greatly favored transfer, as it was more convenient for the parties as well as the witnesses.[20]  EVCO contends that the significant financial disparity

---

[17] Id.

[18] Saint-Gobain Calmar, 230 F. Supp. 2d at 660.

[19] Id.

[20] Id.

between the two parties makes the transfer a far greater financial burden to EVCO.[21]  As in Weber, although the Court is sensitive to EVCO's financial burden, litigation in the transfer district does not significantly increase costs to either party.[22]  EVCO's owner, its sole employee, must travel by plane to either district. Therefore, his financial burden is not a dispositive factor in the convenience analysis.

The convenience of witnesses is a factor for consideration only to the extent that the witnesses would not be available in the chosen forum.[23]  Presently, all of EVCO's witnesses reside in Canada.[24]  They would be required to fly to either venue, while PSE and its witnesses all reside in Arizona.[25]  Litigating this dispute in Arizona will be substantially more convenient for PSE and its witnesses, while equally inconvenient for EVCO and its witnesses. Therefore, the fourth and fifth factors weigh in favor of transfer.

The sixth private interest factor is the location of documents. As a result of technological advances in recent years, the location of documents is only a factor to the extent that the documents could not be produced in the chosen forum.[26] Although PSE has documents in Arizona and EVCO has documents in Pennsylvania, all of these documents can easily be

---

[21] According to the briefs, EVCO has annual revenues of $45,000 compared with PSE's net assets of approximately $19.5 million.

[22] Weber, 155 F. Supp. 2d at 285.

[23] Jumara, 55 F.3d at 879.

[24] Def.'s Mem. at 7; Evans Decl. at ¶ 2.

[25] EVCO's attorney is the only person associated with the suit who resides in Pennsylvania, and courts do not consider the location of counsel in determining whether to transfer venue. Id. at 7; Solomon, 472 F.2d at 1047

[26] Wojtunik, 2003 WL 22006240, at *10.

transported electronically and by mail.  Therefore, this factor does not impact the convenience analysis.[27]

"When a transfer motion would aid the movant and not disadvantage the opponent, transfer is appropriate."[28]  While PSE would be greatly advantaged by a transfer to Arizona, EVCO would incur similar costs and inconvenience whether the case was litigated in the Eastern District of Pennsylvania or the District of Arizona.  Furthermore, the center of gravity of the alleged conduct is in Arizona, where the evidence and witnesses to the alleged infringement are located.  Thus, the private interest factors weigh in favor of transfer to the District of Arizona.

### PUBLIC INTEREST FACTORS

The following six public interest issues guide the Court's further analysis:

> "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases."[29]

The present action is governed by federal law, rendering many of the public interest factors inapplicable since federal laws are applied uniformly throughout the district courts.[30] Therefore, the public policies, local interests, enforceability of the judgment, and familiarity of

---

[27] Pl.'s Mem. at 7.

[28] Saint-Gobain Calmar, 230 F. Supp. 2d. at 661 (quoting Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp 473, 481 (D.N.J. 1993)).

[29] Jumara, 55 F.3d at 879-80.

[30] Weber, 155 F. Supp. 2d at 287 (holding that federal judges are equally qualified to interpret federal law and that enforcement of federal law should occur equally across districts).

the trial judges with the law in both the District of Arizona and the Eastern District of Pennsylvania are presumed to be equivalent.

The two remaining public interest factors are practical considerations and administrative convenience. Although a transfer of venue may delay disposition of this case,[31] the expenses and expedience of litigating in Arizona do not differ from this district. Accordingly, the public interest factors do not influence this Motion.

## CONCLUSION

After reviewing the required statutory considerations of convenience to the parties and witnesses through private and public interest factors, the Court finds it is in the interest of justice to grant Defendant's Motion for Transfer of Venue. Though the phrase "interest of justice" has been variously interpreted by the courts,[32] this Court interprets the concept as a fair and reasonable consequence of this Court's application of the totality of convenience analysis. The interest of justice is satisfied when the balance of public and private interest factors weighs even slightly in favor of one party.

In light of the aforementioned considerations, a transfer to the District Court of Arizona would greatly advantage PSE and not disadvantage EVCO. Accordingly, PSE's Motion will be granted.

An appropriate Order follows.

---

[31] See Admin. Off. of the U.S. Courts, U.S. District Court- Judicial Caseload Profile, www.uscourts.gov/cgi-bin/csmd2004.pl (last updated July 6, 2005). Based upon the most recent statistics from the Administrative Office of the United States Courts, the Eastern District of Pennsylvania ranks first in the nation for the median time from filing to disposition of civil cases for the 2004 year ending Sept. 30, 2004).

[32] Courts in this district have construed the phrase to include the subpoena power of the district, the enforceability of the judgment, and the state's interest in resolving the dispute in its courts. Jack C. Keir, Inc. v. Life Office Mgt. Assn., Inc., No. Civ. A. 92-6163, 1993 U.S. Dist. LEXIS 10205, at *5 (E.D. Pa. July 28, 1993); see also Weber, 155 F. Supp. 2d at 285.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVCO TECHNOLOGY & DEVELOPMENT CO., LLC, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO.   04-4946 |
| PRECISION SHOOTING EQUIPMENT, INC., | : | |
| Defendant | : | |

**ORDER**

**AND NOW,** this 29th day of July, 2005, upon consideration of Defendant's Motion for Transfer of Venue to the District of Arizona [Doc. #16] and Plaintiff's Memorandum in Opposition thereto [Doc. #17] it is hereby **ORDERED** that Defendant's Motion is **GRANTED**. The Clerk of Court is directed to **TRANSFER** the above captioned matter to the District Court of Arizona.

It is further **ORDERED** that the Clerk of Court shall mark this case **CLOSED** for statistical purposes.

It is so **ORDERED**.

BY THE COURT:

_____
**CYNTHIA M. RUFE**

-9-